UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SOTERO MONTELLANO LOPEZ, III,

    Plaintiff,

v.

    Case No. 25-cv-12720
    Honorable Linda V. Parker

JPMORGAN CHASE BANK, N.A.
and DEUTSCHE BANK TRUST
COMPANY AMERICAS,

    Defendants.
_____/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (ECF NO. 19); DENYING PLAINTIFF'S MOTIONS TO COMPEL AND FOR DECLARATORY JUDGMENT (ECF NOS. 13 & 24); AND DENYING AS MOOT PLAINTIFF'S REMAINING MOTIONS (ECF NOS. 15 & 17)**

    Plaintiff Sotero Montellano Lopez, III, a frequent filer in this District, including one prior lawsuit against one Defendant here, filed a Complaint against Defendants in a Michigan state court on July 30, 2025.[1]  Defendants thereafter

---

[1] Most recently, Plaintiff has filed at least nine other cases in Michigan courts alleging substantially similar facts.  *See Lopez v. Coinbase Global, Inc. et al.*, No. 2:25-cv-12841 (E.D. Mich. Sep 08, 2025); *Lopez III v. Trans Union LLC et al.*, No. 2:25-cv-12733 (E.D. Mich. Aug 29, 2025); *Lopez v. Bank of Am., N.A. et al.*, No. 2:25-cv-12674 (E.D. Mich. Aug 25, 2025); *Lopez v. Gateway Fin. Sols. Corp.*, No. 2:24-cv-11836 (E.D. Mich. Jul 17, 2024); *Lopez v. Palmer et al.*, No. 5:24-cv-11284 (E.D. Mich. May 14, 2024); *Lopez v. JPMorgan Chase et al.*, No. 2:24-cv-10990 (E.D. Mich. Apr 15, 2024); *Lopez v. Benson et al.*, No. 2:24-cv-10916 (E.D. Mich. Apr 08, 2024); *Lopez v. Palmer et al.*, No. 2:24-cv-10802 (E.D. Mich. Mar 28, 2024); *Lopez et al v. First Merchants Corporation et al.*, No. 2:24-cv-10647

removed the Complaint to federal court based on diversity jurisdiction, 28 U.S.C. § 1332. (*See* ECF No. 1.) In the Complaint, Plaintiff claims that Defendants failed to honor certain self-created monetary instruments and pay him $13 million.

Defendants have moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 19.) Their motion to dismiss is fully briefed. (ECF Nos. 20, 21.) In the meantime, Plaintiff has filed motions to compel Defendants to process the instruments (ECF No. 13), to require a district judge signature on all orders (ECF No. 15), for chambers or virtual hearing (ECF No. 17); and for declaratory judgment and to compel processing of the instruments (ECF No. 24).

## Standard of Review

A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). This presumption is not

---

(E.D. Mich. Mar 13, 2024). Each of these cases has been summarily dismissed as frivolous or for lack of federal subject matter jurisdiction.

applicable to legal conclusions, however.  *Iqbal*, 556 U.S. at 668.  Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Id*. (citing *Twombly*, 550 U.S. at 555).

## Background

Plaintiff alleges that, on November 10, 2023, he presented Defendant JPMorgan Chase Bank, N.A. ("Chase") a "private International Bill of Exchange" for $13 million, which was payable to Sotero Montellano Lopez Estate, LLC.  (ECF No. 1 at PageID.12 ¶ 6.)  Chase rejected the instrument.  (*Id*. ¶ 8.)  In July 2025, Plaintiff presented additional documents to a Chase branch, including a "corrected Promissory Note," a "Security Agreement," and a "revised International Bill of Exchange," with purported values of $130 million.  (*Id*. at PageID.12-13 ¶ 10; *see id*. at PageID.20.)  Chase still did not provide funds to Plaintiff.

On July 14, 2025, Plaintiff sent Chase a "Notice of Dishonor and Opportunity to Cure," demanding a response within 10 business days.  (*Id*. at PageID.13 ¶¶ 13.)  He claims Chase and Defendant Deutsche Bank Trust Company Americas ("Deutsche Bank") (collectively "Defendants") failed to honor or return the instruments.  (*Id*. at PageID.13 ¶ 16.)

Plaintiff claims Chase owed him a "legal, fiduciary, and contractual duty" "to timely process, investigate, and either honor or return any lawfully tendered negotiable instruments presented by [him]."  (*Id*. at PageID. 13 ¶ 17.)  He also

3

claims that by failing to honor the instruments, Chase violated "its contractual and commercial obligations." (*Id*. at PageID.14 ¶ 18.) Plaintiff alleges Defendants are liable for "wrongful dishonor" under the Uniform Commercial Code. (*Id*. at PageID.14-15 ¶¶ 19-20.) Among other allegations, he also refers to "constructive fraud and bad faith," "willful negligence," and a "default on [Deutsche Bank's] obligations[.]" (*Id*. at PageID.15-16 ¶¶ 21-23.)

## Applicable Law and Analysis

Plaintiff fails to state any type of viable claim against Defendants. There is no valid contractual relationship or legal duty that required Defendants to recognize, honor, or return the self-created financial instruments which Plaintiff presented to them. *See Bryant v. Washington Mut. Bank*, 524 F. Supp. 2d 753, 760 (W.D. Va. 2007) (collecting cases rejecting claims arising from the presentation of self-created negotiable instruments); *Rasheed v. Comerica Bank*, No. 05-cv-73668, 2005 WL 3592009, at *1 (E.D. Mich. Nov. 2, 2005). As Defendants point out, "[c]ourts across the country have consistently rejected claims based on the presentment of self-created 'bills of exchange,' 'private promissory notes,' or similar instruments, finding that such documents are not legal tender and do not create any enforceable obligation." (ECF No. 19 at PageID.357-58); *see McGee v. Nissan Motor Acceptance Corp.*, 619 F. App'x 555 (6th Cir. 2015); *U.S. Bank, N.A. v. Phillips*, 852 N.E.2d 380, 382 (Ill. Ct. App. 2006); *Campbell v. Foursight*

*Capital, LLC*, No. 3:25-cv-22, 2025 WL 2172546, at *8 (S.D. Ohio July 31, 2025); *Kennebrew v. PNC Bank*, No. 1:25-cv-13, 2025 WL 801169, at *2 (E.D. Tenn. Mar. 13, 2025); *In re Fisher*, No. 15-10386, 2015 WL 4041335, at *14 (E.D. Mich. July 1, 2015).  In fact, it is illegal to create a document purporting "to be an actual security or other financial instrument issued under the authority of the United States, a foreign government, a State or other political subdivision of the United States, or an organization."  18 U.S.C. § 514.

## Conclusion

For these reasons, the Court **GRANTS** Defendants' motion to dismiss.  (ECF No. 19.)  Because Plaintiff fails to state a claim upon which relief may be granted, he is not entitled to a declaratory judgment or to compel Defendants to honor or process his negotiable instruments.  His motions seeking such relief are, therefore, **DENIED**.  (ECF Nos. 13, 24.)  Plaintiff's remaining motions are **DENIED AS MOOT**.  (ECF Nos. 15, 17.)

To the extent Plaintiff seeks to appeal this decision, the Court finds that any appeal would be frivolous.  Therefore, leave to proceed in forma pauperis is denied.  *See* 28 U.S.C. § 1915(a)(3).

**SO ORDERED**.

s/ Linda V. Parker<br>
LINDA V. PARKER<br>
U.S. DISTRICT JUDGE

Dated: January 20, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, January 20, 2026, by electronic and/or U.S. First Class mail.

                                                   s/Aaron Flanigan
                                                   Case Manager